JS 44   (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ABIGAIL BERNARD

**DEFENDANTS**
NCO FINANCIAL SYSTEMS, INC.

**(b)** County of Residence of First Listed Plaintiff _____

County of Residence of First Listed Defendant _____

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☒ 3   Federal Question (U.S. Government Not a Party)
- ☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **PERSONAL INJURY** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts | |
| ☐ 362 Personal Injury - Med. Malpractice | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 365 Personal Injury - Product Liability | | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| **PERSONAL PROPERTY** | | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 370 Other Fraud | | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 371 Truth in Lending | | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 380 Other Personal Property Damage | | | | |
| ☐ 385 Property Damage Product Liability | | | | |

**REAL PROPERTY** / **CIVIL RIGHTS** / **PRISONER PETITIONS**

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS |
|---|---|---|
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from another district (specify)
- ☐ 6   Multidistrict Litigation
- ☐ 7   Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C SECTION 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S)
(See instructions):

JUDGE _____   DOCKET NUMBER _____

Explanation:

DATE   08/20/12

SIGNATURE OF ATTORNEY OF RECORD

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 4131 Mantova Dr., Los Angeles, CA 90008

Address of Defendant: 407 Prudential Rd., Horsham PA 19044

Place of Accident, Incident or Transaction: _____

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes☐  No☑

Does this case involve multidistrict litigation possibilities?      Yes☐  No☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases 15 U.S.C. §1692
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Craig Thor Kimmel, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 08/20/12 _____     51100

Attorney-at-Law     Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 08/20/12 _____     51100

Attorney-at-Law     Attorney I.D.#

CIV. 609 (6/08)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| ABIGAIL BERNARD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NCO FINANCIAL SYSTEMS, INC. | : | NO. |
| | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.        (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        ( )

| | | |
|---|---|---|
| 08/20/12 | Craig Thor Kimmel | Plaintiff, Abigail Bernard |
| Date | Attorney-at-law | Attorney for |
| | | |
| 215-540-8888 | 877-788-2864 | kimmel@creditlaw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

1

2

## UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

3

ABIGAIL BERNARD,               )

4
        Plaintiff             )

5
          )  **Case No.:**

      v.            )

6
          )  **COMPLAINT AND DEMAND FOR**

NCO FINANCIAL SYSTEMS, INC.,   )  **JURY TRIAL**

7
          )

      Defendant       )  **(Unlawful Debt Collection Practices)**

8

9

## COMPLAINT

10

ABIGAIL BERNARD ("Plaintiff"), by and through her attorneys, KIMMEL &

11

SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC.,

12

("Defendant"):

13

## INTRODUCTION

14

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15

15

U.S.C. § 1692 *et seq.* ("FDCPA").

16

## JURISDICTION AND VENUE

17

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states

18

that such actions may be brought and heard before "any appropriate United States district court

19

without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original

20

21

jurisdiction of all civil actions arising under the laws of the United States.

22

3.    Defendant's corporate headquarters is in the Commonwealth of Pennsylvania;

23

therefore, personal jurisdiction is established.

24

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

25

- 1 -

1

## PARTIES

2    5.    Plaintiff is a natural person residing in Los Angeles, California.

3    6.    Plaintiff is a person granted a cause of action under the FDCPA.  See 15 U.S.C. §

4    1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

5    7.    Defendant is a national debt collection company with its corporate headquarters

6    located at 507 Prudential Road, Horsham, Pennsylvania 19044.

7    8.    Defendant collects, and attempts to collect, consumer debts incurred, or alleged

8
     to have been incurred, for personal, family or household purposes on behalf of creditors and
9
     debt buyers using the U.S. Mail, telephone and/or internet.
10

11    9.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6),

12    and repeatedly contacted Plaintiff in an attempt to collect a debt.

13    10.    Defendant acted through its agents, employees, officers, members, directors,

14    heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

15    ## FACTUAL ALLEGATIONS

16    11.    At all relevant times, Defendant contacted Plaintiff in its attempts to collect an

17    alleged consumer debt of another person.

18
      12.    Upon information and belief, the alleged debt at issue arose out of transactions,
19
      which were primarily for personal, family, or household purposes.
20

21    13.    Beginning in March 2012, Defendant continuously and repeatedly contacted

22    Plaintiff in its attempts to collect a debt.

23    14.    During the relevant period, Defendant contacted Plaintiff, on average, two (2) to

24    three (3) times a day.

25    15.    The debt that Defendant was attempting to collect is not owed by Plaintiff.

- 2 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

16.     Defendant was contacting Plaintiff in its attempts to collect the debt of another person, specifically an individual named "Albert."

17.     Plaintiff does not live with a person named "Albert," she does not know any individual named "Albert," and no one at the called number is named "Albert."

18.     Most of Defendant's calls to Plaintiff were computer-generated, with pre-recorded messages.

19.     In those instances where Plaintiff answered Defendant's calls, she was put on hold for an extended period of time and eventually dumped into a full voicemail box, so that she was unable to leave a message to stop the calls.

20.     In those instances where Plaintiff did not answer Defendant's calls, Defendant left a voicemail message on her answering machine instructing her to call them back.

21.     When Plaintiff called the number, on more than one occasion, she informed Defendant that she was not the person that they were calling and to stop calling her.

22.     Plaintiff also told Defendant that no one by the name "Albert" lived at the called number or at her address.

23.     Defendant claimed it would take her number out their system, but that it would take 24 hours for the calls to stop.

24.     More than 24 hours later, Plaintiff continued to receive calls from Defendant in its attempts to collect a debt from an individual named "Albert."

25.     Upon information and belief, Defendant called Plaintiff on a continuous and repetitive basis with the intent of harassing Plaintiff.

26.     Defendant failed to update its records to avoid the further harassment of Plaintiff.

- 3 -

PLAINTIFF'S COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

27.     Further, it was inconvenient for Plaintiff to receive collection calls for another person, particularly since Defendant contacted her multiple times during the day and on weekends.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

28.     Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §1692b(3).

    a.     Section 1692b(3) of the FDCPA prohibits a debt collector from communicating with any person other than a consumer more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

    b.     Here, Defendant violated §1692b(3) of the FDCPA by communicating with Plaintiff more than once about another person's debt.

### COUNT II

29.     Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

    a.     A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b.     A debt collector violates §1692d(5) of the FDCPA by causing a telephone

- 4 -

to ring or engaging any person in telephone conversation repeatedly or

continuously with the intent to annoy, abuse, or harass any person at the

called number.

c.   Here, Defendant violated §§1692d and 1692d(5) of the FDCPA when it

called Plaintiff multiple times a day and on numerous days a week about

another person's debt.

## COUNT III

30.   Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C.

§1692e.

a.   A debt collector violates §1692e of the FDPCA by using false, deceptive,

or misleading representations or means in connection with the collection of

any debt.

b.   Here, Defendant violated §1692e of the FDCPA by claiming that it would

remove Plaintiff's number from its database and that the calls would stop

within 24 hours, when Defendant never removed her number from its

database and continued to call her.

## COUNT IV

31.   Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C.

§1692f.

a.   A debt collector violates §1692f of the FDCPA by using unfair or

unconscionable means to collect or attempt to collect any debt.

b.   Here, Defendant violated §1692f of the FDCPA engaging in other unfair

and unconscionable debt collection practices, including calling Plaintiff

PLAINTIFF'S COMPLAINT

using computer-generated calls and messages, making her stay of hold for extended periods of time, forwarding her calls to a full mailbox so she couldn't leave a message, and failing to update its records to avoid the further harassment of Plaintiff, with the intent to annoy, abuse and harass Plaintiff.

WHEREFORE, Plaintiff, ABIGAIL BERNARD, respectfully prays for a judgment as follows:

a.  All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.  Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ABIGAIL BERNARD, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 08/20/12

KIMMEL & SILVERMAN, P.C.

By: _____
Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

- 6 -

PLAINTIFF'S COMPLAINT